UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE MCMILLEN, #198239,

        Petitioner,        Case Number: 2:21-CV-10416
                                        HON. DENISE PAGE HOOD

v.

RANDEE REWERTS,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE (ECF No. 16)

Petitioner Clarence McMillen filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Presently before the Court is Petitioner's motion to stay proceedings and hold the petition in abeyance.  (ECF No. 16.)  He seeks a stay so that he may return to state court to raise additional claims. Respondent has not opposed the motion and the time for doing so has passed.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust available remedies in state court for each claim presented in the petition.  *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  The exhaustion requirement is satisfied if the prisoner invokes one complete round of the state's established appellate review process, including a

petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845, 847. A Michigan prisoner must present each ground to both of Michigan's appellate courts before seeking federal habeas corpus relief. *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020).

A prisoner who has filed a habeas petition but seeks to raise claims not yet exhausted in state court may ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A stay may be granted provided there is good cause for failure to exhaust claims and the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

In this case, a stay is warranted. First, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Second, Petitioner's claim that his appellate attorney was ineffective for failing to raise these claims on direct appeal may constitute good cause for failing to previously exhaust these claims. *See Wagner v. Smith*, 581 F.3d 410, 419 n.4, 5 (6th Cir. 2009). Finally, based upon the present record, the Court cannot conclude that the unexhausted claims identified by Petitioner are plainly meritless or that Petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78. Under these circumstances, it is not

an abuse of discretion to stay this proceeding.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. This stay is conditioned on Petitioner filing a motion for relief from judgment in the trial court within ninety days of this order, pursuing a timely appeal in the state courts if necessary, and returning to federal court within ninety days of completing the exhaustion of state court post-conviction remedies. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure for staying habeas proceeding pending exhaustion of state court remedies). Should Petitioner fail to comply with any of these conditions, the petition may be dismissed. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (holding that dismissal of a habeas petition is appropriate where a petitioner has failed to comply with the terms of a stay).

Accordingly, IT IS ORDERED that Petitioner's motion to stay (ECF No. 16) is GRANTED and further proceedings are held in abeyance subject to the conditions detailed above.

IT IS FURTHER ORDERED that the Clerk of the Court shall CLOSE this case for administrative purposes only. Nothing in this Order or the related docket

entry shall be construed as an adjudication of any of Petitioner's claims.

    SO ORDERED.

                                                  s/Denise Page Hood  
                                                  Denise Page Hood  
                                                  United States District Judge

DATED: May 25, 2022